```
 1  GREGORY B. WOOD  (SBN 68064)
    FULBRIGHT & JAWORSKI L.L.P.
 2  865 South Figueroa, 29th Floor
    Los Angeles, California 90017-2571
 3  Telephone: 213-892-9200
    Facsimile:  213-680-4518
 4  Email address:  gwood@fulbright.com
 5
    MARK N. MUTTERPERL
 6  JENIFER S. McINTOSH
    FULBRIGHT & JAWORSKI L.L.P.
 7  666 Fifth Avenue, 31st Floor
    New York, New York  10103-3198
 8  Telephone: 212-318-3000
    Facsimile: 212-318-3400
 9
    Email address:  mmutterperl@fulbright.com
10  Email address:  jmcintosh@fulbright.com
11
    Attorneys for Plaintiff The Procter &
12  Gamble Company.
```

FILED
2005 MAY 16  P 4: 21
CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
BY_____

LODGED
MAY 1 6 2005
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>YEN LE CHAN a/k/a ALICE YEN CHAN, JOHN DOES AND/OR JANE DOES 1 – 50, AND XYZ BUSINESSES<br><br>Defendants. | 1: 05 CV 00641 AWI SMS<br><br>Civil Action No._____<br><br>TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER SEALING FILE, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND ORDER FOR EXPEDITED DISCOVERY<br><br>FILED UNDER SEAL |

Procter & Gamble Company v. Yen Le Chan    Doc. 18

DOCUMENT PREPARED
ON RECYCLED PAPER

TEMPORARY RESTRAINING ORDER

1  PLEASE TAKE NOTICE that upon the complaint of The Procter & Gamble
2  Company ("Procter & Gamble"), the declarations and the exhibits annexed hereto,
3  and the Memorandum of Law submitted in support of this Order, it is hereby:
4  ORDERED, that defendant YEN LE CHAN a/k/a ALICE YEN CHAN, and
5  the VARIOUS JOHN DOES, JANE DOES and XYZ BUSINESSES and/or
6  COMPANIES whose identities are presently unknown or concealed (collectively,
7  "defendants"), show cause on the 27th day of May 2005, at 9:00 a.m./p.m. or
8  as soon thereafter as counsel can be heard, in Courtroom 3, in the United States
9  District Court for the Eastern of California, Fresno Division, why an Order pursuant
10 to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not
11 be entered granting Procter & Gamble a preliminary injunction as follows:
12 (a) Enjoining and restraining defendants, their officers, agents, servants
13 and employees and any persons in active concert or participation with them from:
14 (i) using the Procter & Gamble SK-II trademarks, as defined in the
15 Complaint, or any reproduction, counterfeit, copy or colorable imitation of
16 SK-II trademarks in connection with the manufacture, distribution,
17 advertising, offer for sale and/or sale of merchandise not the genuine
18 products of Procter & Gamble, or in any manner likely to cause others to
19 believe that defendants' products are connected with SK-II or SK-II genuine
20 merchandise bearing the SK-II trademarks or that defendants are otherwise
21 connected with SK-II and/or Procter & Gamble; and
22 (ii) passing off, inducing or enabling others to sell or pass off SK-II
23 products, as defined in the Complaint, as authentic SK-II products or other
24 items which are not SK-II genuine merchandise; and
25 (iii) committing any other acts calculated to cause purchasers to
26 believe defendants' products are genuine SK-II merchandise; and
27 (iv) marketing, shipping, delivering, holding for sale, distributing,
28 returning, transferring or otherwise moving, storing or disposing of in any

1  manner cosmetics or other items falsely bearing SK-II trademarks, or any
2  reproduction, counterfeit, copy or colorable imitation of same; and

3  (v) from otherwise infringing or diluting any of the SK-II
4  trademarks; and

5  (b) Impounding, during the pendency of this action, cosmetics and other
6  items, including, without limitation, cosmetic applications including any liquids,
7  creams, suspensions or mixtures, or any other such substance applied to the skin or
8  used in the treatment of the skin, any molds, bottles, boxes, tubes, fibers, labels,
9  patches, printing devices, advertising, packaging and other materials and
10 merchandise seized pursuant to the provisions of this Order.

11 IT APPEARING to the Court that defendants are manufacturing, printing,
12 distributing, offering for sale and/or selling defendants' Counterfeit Products, as
13 defined in the Complaint, and will continue to carry out such acts unless restrained
14 by Order of the Court, it is:

15 ORDERED, that pending the hearing on Procter & Gamble's application for
16 a preliminary injunction, defendants YEN LE CHAN a/k/a ALICE YEN CHAN,
17 including any presently unnamed VARIOUS JOHN DOES, JANE DOES and XYZ
18 BUSINESSES or COMPANIES, their agents, servants, employees, confederates
19 and any persons acting in concert or participation with them, or having knowledge
20 of this Order by personal service or otherwise be, and they are, hereby temporarily
21 restrained from: (a) committing any of the acts set forth in subparagraph (a)(i)-(v)
22 above; (b) moving, destroying, or otherwise disposing of any products, labels, or
23 other items, merchandise or documents or equipment bearing, relating to or used for
24 reproducing the SK-II trademarks or any reproduction, counterfeit, copy or
25 colorable imitation thereof; and (c) removing, destroying or otherwise disposing of
26 any computer tapes or disks, business records or documents relating in any way to
27 the manufacture, acquisition, purchase, distribution or sale of goods bearing the
28 SK-II trademarks or any reproduction, counterfeit, copy or colorable imitation

1  thereof; and (d) assisting, aiding or abetting any other person or business entity in
2  engaging in or performing any of the activities set forth in this paragraph or in
3  subparagraph (a)(i)-(v) above; and it is further

4      ORDERED, that the United States Marshal for this District, any federal,
5  state, county, local law enforcement officers, or any sworn in peace officer, assisted
6  by one or more attorneys or agents of Procter & Gamble, is hereby authorized and
7  directed to seize, impound and deliver to Procter & Gamble or its representatives
8  any and all unauthorized and unlicensed merchandise bearing the SK-II trademarks,
9  as well as the means for making same; the books and records relating thereto,
10 including but not limited to bank records and data contained in electronic format on
11 computers, hard drives, zip drives and/or disks; and the containers or vehicles in
12 which same are held or transported, which defendants sell, attempt to sell or hold
13 for sale, at ~~all locations within this judicial district and other judicial districts where~~
14 ~~defendants' Counterfeit Products are sold, offered for sale, distributed, transported,~~
15 ~~manufactured and/or stored including, but not limited to~~ 5208 Panorama Drive #B,
16 Bakersfield, California, 93306; and it is further

17     ORDERED, that the United States Marshal or other law enforcement
18 officer(s) effecting such seizure shall employ whatever reasonable force is
19 necessary to enter the premises owned, leased or controlled by defendants or the
20 location to be searched where defendants' Counterfeit Products or labels and
21 business records relating thereto may be found, and to inspect the contents of any
22 computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents
23 located on the identified locations or other premises controlled by defendants; and it
24 is further

25     ORDERED, that Procter & Gamble's agents shall promptly inspect all items
26 seized and, if any items are found to be authorized products, such items are to be
27 returned to defendants within ten (10) business days after the date this Order is
28 executed; and it is further

1      ORDERED, that the search and seizure ordered herein may be photographed
2 or videotaped for the purpose of authenticating and assisting in obtaining evidence
3 and preventing any controversy regarding the activities and events occurring during
4 said search and seizure; and it is further

5      ORDERED, that the Temporary Restraining Order shall remain in effect
6 until the date for hearing on the Order to Show Cause set forth above, or such
7 further dates as set by the Court, unless defendants stipulate, or have not objected,
8 to the Preliminary Injunction; and it is further

9      ORDERED, that any merchandise or means of making such merchandise or
10 records and other items seized shall be appropriately tagged to permit identification;
11 defendants shall be given a receipt therefor; such merchandise, records or other
12 items seized shall be impounded in the custody or control of Procter & Gamble or
13 Procter & Gamble agents as substitute custodian pending further order of this Court
14 and shall be made available for inventory or inspection by party from which it was
15 seized or its counsel during normal business hours; and that any such records seized
16 shall likewise be impounded and shall be subject to a protective order whereby
17 access thereto shall be initially restricted to Procter & Gamble counsel and
18 defendants and defendants' attorneys of record, who shall all be permitted to
19 inspect and copy such records, and such records shall be copied and the copies
20 returned to defendants within ten (10) days of the date this Order is executed. This
21 protective order, restricting access to such documents, shall expire on the date set
22 forth above for the hearing on the Order to Show Cause whether or not said hearing
23 occurs, unless extended by Court order, so that at such hearing and thereafter the
24 contents of such records may be revealed, unless otherwise ordered by this Court;
25 and it is further

26      ORDERED, that Procter & Gamble shall post a corporate surety bond, cash
27 or a certified or attorney's check in the amount of $ 5,000 .00 as
   by 9:00 a.m. May 18, 2005
28 security, determined adequate for the payment of such damages as any person may

-5- -16-01

1  be entitled to recover as a result of a wrongful seizure attempted seizure, or restraint
2  hereunder; and it is further
3      ORDERED, that sufficient cause having been shown, the above seizure shall
4  take place and service of this Order together with the Summons and Complaint,
5  shall be made on defendants personally, or by delivery to an adult of suitable age, at
6  defendants' place of business or residence or where defendants are selling or
7  holding for sale the items to be seized, and that such service shall be made and such
8  seizure shall take place within seven (7) [ten (10) struck] days from the date of this Order or at such
9  time as may be extended by this Court; and it is further
10     ORDERED, that Procter & Gamble be permitted, immediately after service
11 of the Court's order, to inspect and copy defendants' records of the purchase,
12 manufacture, and sale of Counterfeit Products and thereafter, to take depositions of
13 the persons responsible for defendants' business;
14     ORDERED, that expedited discovery is granted, discovery may begin
15 immediately, and thus the parties to this action may immediately serve discovery
16 requests on each other and subpoenas on any non-party believed to have
17 information relevant to this action. The parties to this action and any non-party
18 served with a subpoena in this action shall respond to requests to produce
19 documents within fifteen [three struck] calendar days after service of such requests by production
20 of responsive documents. The parties to this action shall respond to interrogatories
21 within fifteen [three struck] calendar days after service of such interrogatories. The parties to this
22 action may take the deposition of any other party or a non-party witness, upon
23 notice in writing to every other party of at least fifteen [seven struck] calendar days. [signature] 5-16-05
24     ORDERED, that this action shall remain sealed by the Court until the date
25 for hearing on the Order to Show Cause set forth above, at which time the Clerk
26 shall remove the seal.
27     Defendants are hereby given notice that in this district they may apply to the
28 Court for modification or dissolution of this Order on two (2) days notice by

1  personal service or other such notice as the Court may allow pursuant to Federal
2  Rule of Civil Procedure 65(b) and Local Rules 6-136 and 65-231(c)(8) of the
3  United States District Court for the Eastern District of California.
4      Defendants are hereby given notice that failure to attend the hearing
5  scheduled herein shall result in confirmation of the seizure authorized herein,
6  destruction or other disposition of the goods seized, if any, immediate issuance of
7  the prayed-for preliminary injunction to take effect immediately upon expiration or
8  dissolution of the within temporary restraining order, and shall otherwise extend for
9  the pendency of this litigation relief upon the same terms and conditions as
10 comprise this temporary restraining order.
11     Defendants are hereby given further notice they shall be deemed to have
12 actual notice of the issuance and terms of such preliminary injunction and any act
13 by them or any one of them in violation of any of the terms thereof may be
14 considered and prosecuted as contempt of this Court.

15
16 DATE: *May 16*, 2005                                      */s/*
             *4:15 pm*                   United States District Judge
17 Presented by:
18
19 Gregory B. Wood (SBN 68064)
   Fulbright & Jaworski L.L.P.
20 865 South Figueroa, 29th Floor
   Los Angeles, California 90017-2571
21 Telephone: 213-892-9200
22 Facsimile: 213-680-4518

23 Mark N. Mutterperl
   Jenifer S. Mcintosh
24 Fulbright & Jaworski L.L.P.
25 666 Fifth Avenue, 31st Floor
   New York, New York 10103-3198
26 Telephone: 212-318-3000
   Facsimile: 212-318-3400
27
28 Attorneys for Plaintiff The Procter & Gamble Company