GREGORY B. WOOD (SBN 68064)
FULBRIGHT & JAWORSKI L.L.P.
865 South Figueroa, 29th Floor
Los Angeles, California 90017-2571
Telephone: 213-892-9200
Facsimile: 213-680-4518
Email address: gwood@fulbright.com

MARK N. MUTTERPERL
JENIFER S. McINTOSH
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
Telephone: 212-318-3000
Facsimile: 212-318-3400
Email address: mmutterperl@fulbright.com
Email address: jmcintosh@fulbright.com

Attorneys for Plaintiff The Procter &
Gamble Company.

FILED
2005 MAY 16 P 4: 21
CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____

LODGED
MAY 1 6 2005
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>YEN LE CHAN a/k/a ALICE YEN CHAN, JOHN DOES AND/OR JANE DOES 1 – 50, AND XYZ BUSINESSES<br><br>Defendants. | 1: 0 5 CV 0 0 6 4 1 AWI SMS<br><br>Civil Action No._____<br><br>TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER SEALING FILE, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND ORDER FOR EXPEDITED DISCOVERY<br><br>FILED UNDER SEAL |

DOCUMENT PREPARED
ON RECYCLED PAPER

TEMPORARY RESTRAINING ORDER

1  PLEASE TAKE NOTICE that upon the complaint of The Procter & Gamble
2  Company ("Procter & Gamble"), the declarations and the exhibits annexed hereto,
3  and the Memorandum of Law submitted in support of this Order, it is hereby:
4  ORDERED, that defendant YEN LE CHAN a/k/a ALICE YEN CHAN, and
5  the VARIOUS JOHN DOES, JANE DOES and XYZ BUSINESSES and/or
6  COMPANIES whose identities are presently unknown or concealed (collectively,
7  "defendants"), show cause on the 27th day of May 2005, at 9:00 a.m./p.m. or
8  as soon thereafter as counsel can be heard, in Courtroom 3, in the United States
9  District Court for the Eastern of California, Fresno Division, why an Order pursuant
10 to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not
11 be entered granting Procter & Gamble a preliminary injunction as follows:

(a) Enjoining and restraining defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

(i) using the Procter & Gamble SK-II trademarks, as defined in the Complaint, or any reproduction, counterfeit, copy or colorable imitation of SK-II trademarks in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Procter & Gamble, or in any manner likely to cause others to believe that defendants' products are connected with SK-II or SK-II genuine merchandise bearing the SK-II trademarks or that defendants are otherwise connected with SK-II and/or Procter & Gamble; and

(ii) passing off, inducing or enabling others to sell or pass off SK-II products, as defined in the Complaint, as authentic SK-II products or other items which are not SK-II genuine merchandise; and

(iii) committing any other acts calculated to cause purchasers to believe defendants' products are genuine SK-II merchandise; and

(iv) marketing, shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any

manner cosmetics or other items falsely bearing SK-II trademarks, or any reproduction, counterfeit, copy or colorable imitation of same; and

  (v) from otherwise infringing or diluting any of the SK-II trademarks; and

(b) Impounding, during the pendency of this action, cosmetics and other items, including, without limitation, cosmetic applications including any liquids, creams, suspensions or mixtures, or any other such substance applied to the skin or used in the treatment of the skin, any molds, bottles, boxes, tubes, fibers, labels, patches, printing devices, advertising, packaging and other materials and merchandise seized pursuant to the provisions of this Order.

IT APPEARING to the Court that defendants are manufacturing, printing, distributing, offering for sale and/or selling defendants' Counterfeit Products, as defined in the Complaint, and will continue to carry out such acts unless restrained by Order of the Court, it is:

ORDERED, that pending the hearing on Procter & Gamble's application for a preliminary injunction, defendants YEN LE CHAN a/k/a ALICE YEN CHAN, including any presently unnamed VARIOUS JOHN DOES, JANE DOES and XYZ BUSINESSES or COMPANIES, their agents, servants, employees, confederates and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from: (a) committing any of the acts set forth in subparagraph (a)(i)-(v) above; (b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents or equipment bearing, relating to or used for reproducing the SK-II trademarks or any reproduction, counterfeit, copy or colorable imitation thereof; and (c) removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing the SK-II trademarks or any reproduction, counterfeit, copy or colorable imitation

DOCUMENT PREPARED ON RECYCLED PAPER

1  thereof; and (d) assisting, aiding or abetting any other person or business entity in
2  engaging in or performing any of the activities set forth in this paragraph or in
3  subparagraph (a)(i)-(v) above; and it is further

4  ORDERED, that the United States Marshal for this District, any federal,
5  state, county, local law enforcement officers, or any sworn in peace officer, assisted
6  by one or more attorneys or agents of Procter & Gamble, is hereby authorized and
7  directed to seize, impound and deliver to Procter & Gamble or its representatives
8  any and all unauthorized and unlicensed merchandise bearing the SK-II trademarks,
9  as well as the means for making same; the books and records relating thereto,
10  including but not limited to bank records and data contained in electronic format on
11  computers, hard drives, zip drives and/or disks; and the containers or vehicles in
12  which same are held or transported, which defendants sell, attempt to sell or hold
13  for sale, at ~~all locations within this judicial district and other judicial districts where~~
14  ~~defendants' Counterfeit Products are sold, offered for sale, distributed, transported,~~
15  ~~manufactured and/or stored including, but not limited to~~ 5208 Panorama Drive #B,
16  Bakersfield, California, 93306; and it is further

17  ORDERED, that the United States Marshal or other law enforcement
18  officer(s) effecting such seizure shall employ whatever reasonable force is
19  necessary to enter the premises owned, leased or controlled by defendants or the
20  location to be searched where defendants' Counterfeit Products or labels and
21  business records relating thereto may be found, and to inspect the contents of any
22  computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents
23  located on the identified locations or other premises controlled by defendants; and it
24  is further

25  ORDERED, that Procter & Gamble's agents shall promptly inspect all items
26  seized and, if any items are found to be authorized products, such items are to be
27  returned to defendants within ten (10) business days after the date this Order is
28  executed; and it is further

1  ORDERED, that the search and seizure ordered herein may be photographed
2  or videotaped for the purpose of authenticating and assisting in obtaining evidence
3  and preventing any controversy regarding the activities and events occurring during
4  said search and seizure; and it is further

5  ORDERED, that the Temporary Restraining Order shall remain in effect
6  until the date for hearing on the Order to Show Cause set forth above, or such
7  further dates as set by the Court, unless defendants stipulate, or have not objected,
8  to the Preliminary Injunction; and it is further

9  ORDERED, that any merchandise or means of making such merchandise or
10  records and other items seized shall be appropriately tagged to permit identification;
11  defendants shall be given a receipt therefor; such merchandise, records or other
12  items seized shall be impounded in the custody or control of Procter & Gamble or
13  Procter & Gamble agents as substitute custodian pending further order of this Court
14  and shall be made available for inventory or inspection by party from which it was
15  seized or its counsel during normal business hours; and that any such records seized
16  shall likewise be impounded and shall be subject to a protective order whereby
17  access thereto shall be initially restricted to Procter & Gamble counsel and
18  defendants and defendants' attorneys of record, who shall all be permitted to
19  inspect and copy such records, and such records shall be copied and the copies
20  returned to defendants within ten (10) days of the date this Order is executed. This
21  protective order, restricting access to such documents, shall expire on the date set
22  forth above for the hearing on the Order to Show Cause whether or not said hearing
23  occurs, unless extended by Court order, so that at such hearing and thereafter the
24  contents of such records may be revealed, unless otherwise ordered by this Court;
25  and it is further

26  ORDERED, that Procter & Gamble shall post a corporate surety bond, cash
27  or a certified or attorney's check in the amount of $ 5,000 .00 as
     by 9:00 a.m. May 18, 2005
28  security, determined adequate for the payment of such damages as any person may

-5- 5-16-05

1  be entitled to recover as a result of a wrongful seizure attempted seizure, or restraint
2  hereunder; and it is further
3  ORDERED, that sufficient cause having been shown, the above seizure shall
4  take place and service of this Order together with the Summons and Complaint,
5  shall be made on defendants personally, or by delivery to an adult of suitable age, at
6  defendants' place of business or residence or where defendants are selling or
7  holding for sale the items to be seized, and that such service shall be made and such
8  seizure shall take place within ~~ten (10)~~ seven (7) days from the date of this Order or at such
9  time as may be extended by this Court; and it is further
10  ORDERED, that Procter & Gamble be permitted, immediately after service
11  of the Court's order, to inspect and copy defendants' records of the purchase,
12  manufacture, and sale of Counterfeit Products and thereafter, to take depositions of
13  the persons responsible for defendants' business;
14  ORDERED, that expedited discovery is granted, discovery may begin
15  immediately, and thus the parties to this action may immediately serve discovery
16  requests on each other and subpoenas on any non-party believed to have
17  information relevant to this action. The parties to this action and any non-party
18  served with a subpoena in this action shall respond to requests to produce
19  documents within ~~three~~ fifteen calendar days after service of such requests by production
20  of responsive documents. The parties to this action shall respond to interrogatories
21  within ~~three~~ fifteen calendar days after service of such interrogatories. The parties to this
22  action may take the deposition of any other party or a non-party witness, upon
23  notice in writing to every other party of at least ~~seven~~ fifteen calendar days. /s/ 5-16-05
24  ORDERED, that this action shall remain sealed by the Court until the date
25  for hearing on the Order to Show Cause set forth above, at which time the Clerk
26  shall remove the seal.
27  Defendants are hereby given notice that in this district they may apply to the
28  Court for modification or dissolution of this Order on two (2) days notice by

DOCUMENT PREPARED
ON RECYCLED PAPER

- 6 -

personal service or other such notice as the Court may allow pursuant to Federal Rule of Civil Procedure 65(b) and Local Rules 6-136 and 65-231(c)(8) of the United States District Court for the Eastern District of California.

Defendants are hereby given notice that failure to attend the hearing scheduled herein shall result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for preliminary injunction to take effect immediately upon expiration or dissolution of the within temporary restraining order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this temporary restraining order.

Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

DATE: May 16, 2005          *[signature]*
      4:15 pm                United States District Judge

Presented by:

*[signature]*

Gregory B. Wood (SBN 68064)
Fulbright & Jaworski L.L.P.
865 South Figueroa, 29th Floor
Los Angeles, California 90017-2571
Telephone: 213-892-9200
Facsimile: 213-680-4518

Mark N. Mutterperl
Jenifer S. Mcintosh
Fulbright & Jaworski L.L.P.
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
Telephone: 212-318-3000
Facsimile: 212-318-3400

Attorneys for Plaintiff The Procter & Gamble Company

DOCUMENT PREPARED ON RECYCLED PAPER