**ORIGINAL**

FILED

MAY 1 1 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

LODGED

MAY - 9 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>YEN LE CHAN a/k/a ALICE YEN CHAN; CHIA LIU a/k/a JERRY LIU; JOHN DOES AND/OR JANE DOES 1-50, AND XYZ BUSINESSES OR COMPANIES,<br><br>　　　　　　Defendants. | Case No. 1:05-CV-00641-AWI-TAG<br><br>**STIPULATED CONSENT DECREE AND PERMANENT INJUNCTION (RE YEN LE CHAN A/K/A ALICE YEN CHAN)** |

DOCUMENT PREPARED
ON RECYCLED PAPER

25623836.1

1    Plaintiff The Procter & Gamble Company (hereinafter "Procter & Gamble"),

2    having filed its First Amended Complaint herein on May 31, 2005, against, *inter*

3    *alia*, Defendant Yen Le Chan, also known as Alice Yen Chan (hereinafter

4    "Defendant"), and Defendant having consented to the entry of this Consent Decree

5    And Permanent Injunction to be binding on Defendant, Defendant's agents,

6    employees, and representatives and all persons in active concert or participation

7    with Defendant who receive notice thereof:

8    NOW, THEREFORE, upon the consent of the parties hereto,

9    IT IS ORDERED, ADJUDGED and DECREED that final judgment in favor

10   of Procter & Gamble and against Defendant be entered as follows:

11   1.    This Court has jurisdiction of the subject matter of all counts of this

12   action and over all the parties hereto.

13   2.    Procter & Gamble is the owner of registered and common law

14   trademark rights in its family of famous SK-II family of trademarks, which includes

15   among others the marks shown below (hereinafter the "SK-II Marks").  The SK-II

16   Marks are good, valid and enforceable in law, and Procter & Gamble is the sole

17   proprietor of all right, title and interest in and to said SK-II Marks:

18

| UNITED STATES REG. / SERIAL NO. | PROCTER & GAMBLE TRADEMARK | REGISTRATION/ FILING DATE |
|---|---|---|
| 2,883,114 | SK-II WHITENING SOURCE | September 7, 2004 |
| 2,902,277 | SK-II | November 9, 2004 |
| 78/510,630 | SK-II LXP ULTIMATE REVIVAL CREAM | November 3, 2004 |
| 78/555,628 | SK-II Carton | January 28, 2005 |
| 78/555,630 | SK-II Silver Rectangle | January 28, 2005 |

1       3.     Defendant engaged in various acts including distributing, advertising,

2  offering for sale and selling in commerce certain beauty and skin care products

3  bearing counterfeits and infringements of Procter & Gamble's SK-II Marks which

4  were not manufactured or authorized by Procter & Gamble ("Counterfeit SK-II

5  Products"). Copies of representative samples of such Counterfeit SK-II Products

6  are attached hereto as Exhibit 1.

7       4.     The actions of Defendant constitute, among other things, trademark

8  infringement, dilution and unfair competition under the laws of the United States

9  and the state of California causing irreparable harm to Plaintiff and causing

10  likelihood of confusion to the public.

11       5.     Count One of the First Amended Complaint states a claim against

12  Defendant for federal trademark counterfeiting and infringement under the Federal

13  Trademark Act (15 U.S.C. § 1114).

14       6.     Count Two of the First Amended Complaint states a claim against

15  Defendant for unfair competition and infringement of Procter & Gamble's rights

16  protected under Section 43(a) of the Federal Trademark Act (15 U.S.C. § 1125(a)).

17       7.     Count Three of the First Amended Complaint states a claim against

18  Defendant for federal trademark dilution under Section 43(c) of the Federal

19  Trademark Act (15 U.S.C. § 1125(c)).

20       8.     Count Four of the First Amended Complaint states a claim against

21  Defendant for trademark and trade name infringement under Sections 14320, 44-

22  1451 *et seq*, 14402 and 14403 of Cal. Bus. & Prof. Code.

23       9.     Count Five of the First Amended Complaint states a claim against

24  Defendant for unfair competition under Section 17200 *et seq* of Cal. Bus. & Prof.

25  Code.

26       10.    Count Six of the First Amended Complaint states a claim against

27  Defendant for trademark and trade name infringement under the common law of the

28  State of California.

1        11.    Defendant and Defendant's respective successors, assigns, affiliates,

2    agents, servants, employees, representatives, and all persons, firms and corporations

3    in active concert or participation with Defendant who receive notice hereof, are

4    hereby enjoined and restrained:

5                    (a)    from directly or indirectly infringing the above-described

6                    registered and common law SK-II Marks in any manner, including

7                    generally but not limited to manufacturing, selling, offering for sale,

8                    advertising and distributing any Counterfeit SK-II Products as shown

9                    in Exhibit 1, or any other beauty or skin care or other products or

10                   services that infringe said SK-II Marks, and specifically (i) using said

11                   SK-II Marks or each of them or any marks similar thereto, or any

12                   reproduction, counterfeit, copy, or colorable imitation of said SK-II

13                   Marks in connection with the manufacture, distribution, advertising,

14                   sale, offering for sale, or other use of the Counterfeit SK-II Products or

15                   any other products or services, or (ii) applying said SK-II Marks or any

16                   such reproduction, counterfeit, copy, or colorable imitation to any

17                   label, sign, print, package, wrapper, receptacle, or advertisement used

18                   in connection with the manufacture, distribution, advertising, sale, or

19                   offering for sale of the Counterfeit SK-II Products or other products;

20

21                   (b)    from using any trademark, trade name, logo, or design that tends

22                   falsely to represent that, or is likely to confuse, mislead, or deceive

23                   purchasers, Defendant's customers, or members of the public that said

24                   Counterfeit SK-II Products or other unauthorized products or services

25                   sold by Defendant originate from Procter & Gamble, or that said

26                   Counterfeit SK-II Products or other unauthorized products or services

27                   have been sponsored, approved or licensed by, or are associated with

28

1    Procter & Gamble or are in some way connected or affiliated with

2    Procter & Gamble;

3

4    (c)    from engaging in any conduct which tends falsely to represent,

5    or is likely to confuse, mislead, or deceive purchasers, Defendant's

6    customers, and/or members of the public, to believe that Defendant

7    herself is connected with Procter & Gamble, or is sponsored, approved

8    or licensed by Procter & Gamble, or is in some way connected or

9    affiliated with Procter & Gamble;

10

11   (d)    from affixing, applying, annexing or using in connection with

12   the manufacture, distribution, advertising, sale, or offering for sale or

13   other use of any goods or services, a false description or

14   representation, including words or other symbols tending falsely to

15   describe or represent such goods as being those of Procter & Gamble;

16

17   (e)    from otherwise competing unfairly with Procter & Gamble in

18   any manner; and

19

20   (f)    from diluting and infringing the aforementioned SK-II Marks

21   and damaging Procter & Gamble's goodwill, reputation and business.

22

23   12.    Defendant shall promptly deliver up to Procter & Gamble for

24   destruction any remaining inventory of the Counterfeit SK-II Products pictured in

25   Exhibit 1; any other beauty and skin care products or other unauthorized products

26   which bear the SK-II Marks or any reproduction, counterfeit, copy or colorable

27   imitation of said SK-II Marks.

28

1    13.    The Court shall retain jurisdiction to construe, enforce, or implement

2  this Consent Decree And Permanent Injunction upon the application of any party.

3

4    Dated:     5 - 11. 06

5                                                              UNITED STATES DISTRICT JUDGE

6

7    Stipulated and Approved:

8

9

10   By:                                              Dated:  3 - 3 /- 0 6
        Gregory B. Wood

11      Fulbright & Jaworski L.L.P.
        555 South Flower Street, 41st Floor
12      Los Angeles, California 90071

13

14      Mark N. Mutterperl
        Fulbright & Jaworski L.L.P.
15      666 Fifth Avenue, 31st Floor
        New York, New York 10103-3198
16

17      Attorneys for Plaintiff
        The Procter & Gamble Company
18

19

20   By:                                              Dated:  3 28 06
        Michael S. Abril
21      Borton, Petrini & Conron, LLP
        1600 Truxtun Avenue
22      Bakersfield, California 93301

23

24      Attorneys for Defendant
        Yen Le Chan a/k/a Alice Yen Chan
25

26

27

28






1

## PROOF OF SERVICE

2

I, Susan Crippen, declare:

3

I am a citizen of the United States and employed in Los Angeles County,

4

California. I am over the age of eighteen years and not a party to the within-entitled

5

action. My business address is 555 South Flower Street, 41st Floor, Los Angeles,

6

California 90071. On May ⁹ , 2006, I served a copy of the within document(s):

7

8

**STIPULATED CONSENT DECREE AND PERMANENT
INJUNCTION (RE YEN LE CHAN A/K/A ALICE YEN CHAN)**

9

☐    by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below on this date.

10

11

12

☒    by placing the document(s) listed above in a sealed envelope with
postage thereon fully prepaid, in the United States mail at Los Angeles,
California addressed as set forth below.

13

14

15

☐    by placing the document(s) listed above in a sealed _____
envelope and affixing a pre-paid air bill, and causing the envelope to
be delivered to a _____ agent for delivery.

16

☐    by personally delivering the document(s) listed above to the person(s)
at the address(es) set forth below.

17

18

Michael S. Abril, Esq.
Borton, Petrini & Conron, LLP
1600 Truxtun Avenue
Bakersfield, CA 93301
Fax: (661) 322-4628

19

20

21

22

I am readily familiar with the firm's practice of collection and processing

23

correspondence for mailing. Under that practice it would be deposited with the

24

U.S. Postal Service on that same day with postage thereon fully prepaid in the

25

ordinary course of business. I am aware that on motion of the party served, service

26

is presumed invalid if postal cancellation date or postage meter date is more than

27

one day after date of deposit for mailing in affidavit.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

25538631.36

- 1 -

1    I declare that I am employed in the office of a member of the bar of this court

2    at whose direction the service was made.

3    Executed on May  _8_ , 2006, at Los Angeles, California.

4

5                                        Susan Crippen

6                                        Susan Crippen

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28